## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Perales,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>United States; Federal Bureau of Prisons; Loretta Lynch; Warden L. LaRiva; and Federal Medical Center,<br><br>　　　　　　　Defendants. | Case No. 16-cv-1195 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　　　Richard Perales is currently detained and receives medical treatment at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") pursuant to an order of the United States District Court for the Western District of Missouri and 18 U.S.C. § 4246.[1] *See United States v. Perales*, 230 F.3d 1364 (8th Cir. 2000) (unpublished table disposition). Perales brings this action alleging that the Federal Bureau of Prisons ("BOP") should transfer him from FMC-Rochester to a facility in Texas, where Perales resided before his civil detention. Perales did not pay the $400.00 filing fee for this case but instead applied to proceed *in forma pauperis* ("IFP") (Doc. No. 2). That IFP

---

[1] Section 4246(a) permits the civil detention of a person "whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to [18 U.S.C. § 4241(d)], or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person" if that person "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." *See also* 18 U.S.C. § 4246(d).

application is now before the Court and must be considered before any other action may be taken in this matter.

Based on the information provided by Perales in his IFP application, the Court finds that Perales qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The BOP has broad discretion to choose the location of an inmate's imprisonment, so long as it considers the factors set forth in 18 U.S.C. § 3621(b). *See Fegans v. United*

*States*, 506 F.3d 1101, 1103 (8th Cir. 2007). Although Perales alleges that the Federal Medical Center in Fort Worth, Texas, would have been a more appropriate location for his civil detention (because it is closer to home and, as he suggested in his administrative appeals, because he dislikes the colder climate in Rochester), the question presented to the Court under § 3621(b) is not whether FMC-Rochester is the best placement for Perales. Instead, the question is whether the BOP abused its discretion in finding that FMC-Rochester is an appropriate facility for Perales. Nothing in the complaint or documents attached to the complaint plausibly suggests that the BOP abused its discretion in any way or failed to take the necessary statutory factors into account. Without plausible allegations that, if proved true, would show that the BOP failed to consider the appropriate factors or abused its discretion in applying those factors, this Court cannot conclude that Perales's placement at FMC-Rochester is unlawful.

Finally, although the matter is alluded to only briefly in the complaint, one basis for Perales's administrative request for a transfer was that officials at FMC-Rochester were not adequately treating his asthma and other chronic health problems. To the extent that Perales is raising such a claim, this Court concludes that he has failed to plausibly allege that prison officials have been deliberately indifferent to his medical needs. Indeed, the documents submitted by Perales tend to show that his placement at FMC-Rochester was a *response* to his medical needs and that, to the extent that Perales's health

3

problems have gone untreated, it is because Perales frequently refuses his prescribed medication.

Moreover, even if Perales had plausibly alleged that some BOP official was deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 (and he has not), Perales must also allege that each Defendant was "personally involved in or had direct responsibility for incidents that injured him." *Reynolds v. Dormire*, 636 F.3d 976, 980 (8th Cir. 2011) (quoting *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). There is no allegation that any of the named Defendants had any personal role in the supposed deliberate indifference to Perales's medical needs. Without such allegations, Perales has not stated a plausible deliberate-indifference claim under § 1983 against the Defendants named in his complaint.

Because Perales's complaint fails to state a plausible claim upon which relief may be granted, this Court recommends that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's Application to Proceed Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED**.

3. Plaintiff's Motion to Appoint Counsel [Doc. No. 3] be **DENIED AS MOOT**.

Dated: May 17, 2016      s/ *Hildy Bowbeer*
    HILDY BOWBEER
    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.